**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| UNITED STATES OF AMERICA,     )<br>    )<br>          Plaintiff,     )<br>          v.     )<br>    )<br>    )<br>PAUL GIRARD, SHAQUAN PRENTICE,   )<br>ROBERT BROWN, WAHILLI JAMES,   )<br>SHAQUIELLE CORREA, JAMES CRUZ,   )<br>KAREEM HARRY, TYLER EUGENE,   )<br>ETHERNEAL SIMON, SHERMYRA GUMBS,)<br>WAYNE BELLILLE,     )<br>    )<br>          Defendants.    )<br>    )<br>    ) | Criminal No. 2018-30 |

ATTORNEYS:

**Gretchen C.F. Shappert, United States Attorney**
**George A Massucco-LaTaif, AUSA**
**Meredith Jean Edwards, AUSA**
**Juan Albino, AUSA**
United States Attorney's Office
St. Thomas, U.S.V.I.
**Alphonso G. Andrews, AUSA**
Christiansted, U.S.V.I.
    *For the United States of America,*

**Ryan W. Greene**
St. Thomas, U.S.V.I.
    *For Paul Girard,*

**Adriane J. Dudley**
**Malorie Diaz**
Dudley Rich Davis LLP
St. Thomas, U.S.V.I.
    *For Shaquan Prentice,*

**Renee Marie Andre**
Law Offices of Marjorie Rawls-Roberts PC
St. Thomas, U.S.V.I.
    *For Robert Brown,*

*United States v. Girard, et al.*
Criminal No. 2018-30
Order
Page 2


**Alex Omar Rosa-Ambert**
Rosa-Ambert Law Offices
San Juan, PR
    *For Wahilli James,*


**Jason Gonzalez-Delgado**
Hato Rey, PR
    *For Shaquielle Correa,*


**Miguel Oppenheimer**
San Juan, PR
    *For James Cruz,*


**Kye Walker**
St. Croix, U.S.V.I.
**Frantz J. McLawrence**
The McLawrence Law Firm
Fort Lauderdale, Fl
    *For Kareem Harry,*


**Richard F. Farrelly**
Law Offices of Birch DeJongh & Hindels PLLC
St. Thomas, U.S.V.I.
    *For Tyler Eugene,*


**Richard H. Dollison**
**Michall Joseph LaRochell**
Law Offices of Richard H. Dollison PC
St. Thomas, U.S.V.I.
    *For Etherneal Simon,*


**Kendys Pimentel-Soto**
Kendys Pimentel-Soto Law Office LLC
San Juan, PR
    *For Shermyra Gumbs,*


**Alexander Golubitsky**
Alex Golubitsky P.C.
St. Thomas, U.S.V.I.
    *For Wayne Bellille.*

*United States v. Girard, et al.*
Criminal No. 2018-30
Order
Page 3

## ORDER

**GÓMEZ, J.**

This case commenced on September 13, 2018, when the Grand Jury returned a seven-count indictment against three defendants. Since then, the Grand Jury has returned several superseding indictments that added additional defendants and charges. The Fourth Superseding Indictment, returned on April 25, 2019, is the operative charging document in this matter.

The Fourth Superseding Indictment charges eleven defendants with forty-seven criminal counts. Count One charges each defendant with participating in a RICO conspiracy. Count Two charges each defendant with conspiracy to use a firearm during a federal crime of violence. The other forty-five counts include, among other charges, five counts of murder in aid of racketeering activity, ten counts of attempted murder in aid of racketeering activity, three counts of Hobbs Act robbery, two counts of conspiracy to distribute a controlled substance, one count of carjacking, and one count of conspiracy to launder money. The overt acts alleged and crimes charged in the Fourth Superseding Indictment span a period of about 5 years.

The trial on the Fourth Superseding Indictment was originally scheduled for September 23, 2019. On July 31, 2019, the Court entered an order finding that "it would be

*United States v. Girard, et al.*
Criminal No. 2018-30
Order
Page 4

unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the normal 70-day time limit" and excluded July 31, 2019, through December 3, 2019, from the speedy trial clock. *See* ECF No. 482 at 6. In a separate order, the Court rescheduled the trial in this matter to commence on December 3, 2019.

On October 28, 2019, the Court found that it was "appropriate to sever this case in the interest of simplicity, fairness, the prompt administration of criminal justice, and judicial economy." *See* ECF No. 564 at 4. To that end, the Court entered an order severing the defendants in this matter into two groups for trial. The first group ("Group One") is comprised of Simon, Bellille, Gumbs, and James. A trial for the Group One defendants was scheduled for December 9, 2019. The second group ("Group Two") is comprised of Girard, Prentice, Brown, Correa, Eugene, Harry, and Cruz. A trial for the Group Two defendants was scheduled for January 13, 2020.

Throughout the pendency of this matter, the Court has regularly held status conferences to discuss and resolve logistical matters and afford the parties an opportunity to be heard on various procedural issues. On November 7, 2019, at the urging of the United States, the Court held such a status conference in chambers. That status conference commenced at

*United States v. Girard, et al.*
Criminal No. 2018-30
Order
Page 5

approximately 9:00 A.M., recessing at approximately 10:00 A.M. The Court resumed the status conference at approximately 11:00 A.M. The status conference ultimately concluded at approximately 12:00 P.M.

During the first session of the November 7, 2019, status conference, which was off the record, Assistant United States Attorney George A. Massucco-LaTaif ("Attorney Massucco-LaTaif") expressed his opinion that this trial should not be severed but rather tried as a single trial. Attorney Massucco-LaTaif also stated that, if the trial was to be severed, Gumbs should be moved from Group One to Group Two. In either case, Attorney Massucco-LaTaif asserted that the best date for a trial in this matter was no sooner than June 1, 2020.

Attorney Massucco-LaTaif elaborated further. He averred that his experience conducting complicated trials involving more than ten defendants was unmatched by any individual involved in this case.[1] Among other things, Attorney Massucco-LaTaif asserted that he had conducted several trials involving well in excess of one-hundred defendants. Never in his fifteen years as an attorney, Attorney Massucco-LaTaif claimed, had he seen a trial

---

[1] To be more precise, Attorney Massucco-LaTaif indicated that his experience with such matters exceeded that of "anyone in [the] room." As the proceeding was a Court ordered conference in chambers, the Court understood Attorney Massucco-LaTaif's reference to include anyone involved in the case.

*United States v. Girard, et al.*
Criminal No. 2018-30
Order
Page 6

severed in the manner the Court had severed the trial in this matter. Attorney Massucco-LaTaif also derided the Court-ordered trial dates as "paper dates." Attorney Massucco-LaTaif warned that the consequences of proceeding in this manner would be dire for the United States, the defendants, and the Court itself.

During the second session of the November 7, 2019, status conference, the Court stated that it understood that the principal position of the United States was to try this case without severance. See *Status Conference Tr.* at 3:19-25 ("THE COURT: . . . And the government's suggestion is to try this, if it were to be split with who? - MR. MASSUCCO: Your Honor, our suggestion is to try this with one case. - THE COURT: Beyond that. - MR. MASSUCCO: That's our principal suggestion. - THE COURT: Understood.") (Nov. 7, 2019). Thereafter, the Court sought to revisit the United States's proposal with respect to an alternate arrangement of parties in the severed trials. Attorney Massucco-LaTaif was reluctant to discuss this portion of the United States's petition, and insisted on discussing the single trial option. Along that line, the following exchange occurred:

> THE COURT: . . . So, the government's petition would be to remove Gumbs from the Court's split and put it into the larger
> group, as I understand it? Okay. We'll consider that.

*United States v. Girard, et al.*
Criminal No. 2018-30
Order
Page 7

MR. MASSUCCO: That's actually not our petition, Your Honor. Our petition is that this trial --

THE COURT: Attorney --

MS. MASSUCCO: -- has established --

THE COURT: Attorney --

MR. MASSUCCO: But, Your Honor --

THE COURT: Attorney.

MR. MASSUCCO: -- I'm trying to make a record.

THE COURT: Attorney.

MR. MASSUCCO: Yes.

THE COURT: You will have a chance to make a record.

MR. MASSUCCO: Okay.

THE COURT: If you have to submit it in writing, that's fine. But I'm not going to you have hijack this.

MR. MASSUCCO: I'm not hijacking. I'm simply --

THE COURT: All right.

MR. MASSUCCO: -- trying to state what we stated before off the record --

THE COURT: And you'll --

MR. MASSUCCO: -- on the record. It's my right to make a record, Your Honor.

THE COURT: Attorney -- of course, you can make it however you choose to.

MR. MASSUCCO: Well, I'd like to do that right now while we're all present.

THE COURT: Well, when I give you an opportunity to do that, then you can do that. And if I choose to do it by writing, you will do it by writing.

MR. MASSUCCO: Well, then, I would like to summarize what we've spoke about before we were on the record --

THE COURT: Attorney.

MR. MASSUCCO: -- if I could.

THE COURT: Attorney. Attorney.

*United States v. Girard, et al.*
Criminal No. 2018-30
Order
Page 8

  MR. MASSUCCO: It's my right to summarize --

  THE COURT: Attorney Massucco --

  MR. MASSUCCO: -- on the record --

  THE COURT: Attorney Massucco --

  MR. MASSUCCO: -- what we discussed.

  THE COURT: Attorney Massucco, if you don't be quiet, you're going to be held in contempt.

*Id.* at 6:2-7:24.

  It is arguable that Attorney Massucco-LaTaif did not intend to lecture, chastise, or convey an air of contumacy or superiority to the Court during the November 7, 2019, status conference. It is also easily arguable that he did.

  The premises considered, it is hereby

  **ORDERED** that at 9:00 A.M. on November 14, 2019, Assistant United States Attorney George A. Massucco-LaTaif shall appear at a hearing in Saint Thomas Courtroom 1 before District Judge Curtis V. Gómez to show cause why he should not be held in contempt and/or sanctioned pursuant to the Court's inherent authority for his behavior at the November 7, 2019, status conference in this matter.

           S\_____

            **Curtis V. Gómez**
            **District Judge**